### CHARLES H. BEAUCHAMP *v.* CHACHERÉ, Sheriff, et al.

The principles settled in the case of *Smith* v. *McMicken*, 3 An. 321, reaffirmed. A judgment belonging to a partnership in a steamboat, is not liable to seizure under executions issued on a judgment against the individual members of the partnership.

APPEAL from the District Court of St. Landry, *Martel*, J.
*J. E. King*, for plaintiff and appellant. *T. H. Lewis* and *Porter*, for defendant.

BUCHANAN, J. Plaintiff appears in this cause, as the transferree of a judgment obtained jointly by three persons, named *Thomas C. Anderson, Cyrus Thompson*, and *Thomas M. Anderson*, and enjoins the seizure of said judgment made in execution of two judgments against *Thomas C. Anderson* and *Thomas M. Anderson in solido*, and of three judgments against *Thomas C. Anderson* solely.

The evidence shows that the two *Andersons* and *Thompson* had all of them an interest in the judgment seized, at the time of the transfer made by them to plaintiff; said judgment being an asset of a partnership in a steamboat, which partnership is in course of liquidation.

The record furnishes no proof of notice to the judgment debtor, of the transfer of the judgment, as required by Article 2613 of the Civil Code. But, as it was observed by Mr. Justice Slidell in delivering the opinion of the court in the analogous case of *Smith* v. *McMicken*, 3 An. 321, there is a question which stands before the question of notice, and overshadows it. That question is, whether the seizures made by the defendants were lawful? Whether upon execution against two, and against one, of the members of a partnership composed of three persons, the defendants herein could seize a judgment belonging to the partnership. For the reasons given in the case cited, these seizures must be held to be bad.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the injunction herein be perpetuated; defendants and appellees paying costs in both courts.